IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |  | |
|---|---|---|---|
| TERRANCE REASER, #265571, | : | | |
| Plaintiff, | : | | |
| vs. | : | CIVIL ACTION 16-354-CG-C | |
| C.O. LONG, *et al.*, | : | | |
| Defendants. | : | | |

**REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). It is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because plaintiff's action is malicious.

**I. POSTURE OF ACTION.**

Plaintiff's action comes before the Court for screening pursuant 28 U.S.C. § 1915(e)(2)(B) due to plaintiff having filed a motion to proceed without prepayment of fees. (Doc. 2). This statute provides for the dismissal of an action that is found to be malicious. 28 U.S.C. § 1915(e)(2)(B)(i).[1]

Plaintiff used the Court's § 1983 complaint form to commence this action. (Doc.

---

[1] Section 1915(e)(2)(B)(i) states: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . the action or appeal--is frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(i).

1). On the complaint form, he responded "no" to the form's questions inquiring as to whether he previously filed a lawsuit in state or federal court that concerned the same or similar facts or that related to his imprisonment. (*Id.*). Plaintiff then signed his complaint under penalty of perjury stating that the facts in his complaint were true and correct. (*Id.* at 7). However, an examination of PACER (Public Access to Court Electronic Record)[2] reflects plaintiff previously filed two other actions, namely, *Reaser v. Mobile County Metro Jail,* CA No. 14-117-CB-C (S.D. Ala. 2014),[3] and *Reaser v. Mr. Long,* CA No. 14-475-CG-B (S.D. Ala. 2015).[4] [5]

---

[2] The Court takes judicial notice of the U.S. Party/Case Index, PACER Service Center, available at *http://pacer.psc.uscourts.gov.* FED.R.EVID. 201(b) (providing that the court can take judicial notice of facts "not subject to reasonable dispute . . . [that] can be accurately . . . determined from sources whose accuracy cannot reasonably be questioned"); *see Grandinetti v. Clinton,* 2007 WL 1624817, at *1 (M.D. Ala. 2007) (unpublished) (taking judicial notice of PACER).

[3] In this action, plaintiff sued personnel at the Metro Jail for assaulting him and putting inmates in his cell to "bully" him. (Doc. 1 at 4-6). Plaintiff also stated that that he had been "torture[d]" at every DOC base camp. (*Id.* at 4). This action was dismissed because plaintiff failed to comply with the Court's order and to prosecute the action. (Docs. 6, 9, 10).

[4] In this prior action, plaintiff sued the same Alabama Department of Corrections' personnel that he sues in the present action, namely, Mr. Long, Mr. Wall, and Mr. He[n]ry. (Doc. 1 at 4-6). Plaintiff alleges essentially the same claims against them. (*Id.* at 5). This prior action was dismissed because plaintiff failed to comply with the Court's orders. (Docs. 10, 12, 13).

   Additional information in this prior action shows that plaintiff filed an earlier lawsuit against these same three defendants in Atmore in 2012 which was assigned to "Mr. Charles R. Butler," and that he is a "mental person" who has been "tazed out," "mase[d]" and beaten by DOC officials. (Doc. 1 at 3). In discovering this reference to another action that was assigned to Judge Butler, the Court re-examined PACER, but an action in addition to the actions referenced in this Report and Recommendation was not found.

[5] Since filing the present action, plaintiff filed *Reaser v. Sgt. Borden,* CA No. 16-566-MHT-GMB (M.D. Ala.) (complaining about assaults), and *Reaser v. Larry McCovery,* CA No.

## II. ANALYSIS.

### A. Legal Standards.

An action is deemed malicious under § 1915(e)(2)(B)(i) when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint form under penalty of perjury, as such a complaint "constitutes abuse of the judicial process warranting dismissal of the case without prejudice." *Thompson v. Quinn*, 2012 WL 6761569, at *1 (N.D. Fla. Dec. 4, 2012) (unpublished) (collecting cases), *adopted*, 2013 WL 45259 (N.D. Fla. Jan. 2, 2013); *see Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (upholding the counting as a strike under § 1915(g) an action that was dismissed for an abuse of legal process when the inmate lied under penalty of perjury about a prior lawsuit),[6] *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 215-17 (2007); *Schmidt v. Navarro*, 576 F. App'x 897, 898-99 (11th Cir. 2014) (unpublished) (affirming the dismissal without prejudice of action pursuant to § 1915(e)(B)(2)(i) as malicious as a sanction for the plaintiff's abuse of process when he failed to disclose under penalty of perjury two prior federal actions on his complaint form);[7] *Harris v. Warden*, 498 F. App'x 962, 964 (11th Cir. 2012)

---

16-1005-WKW-GMB (M.D. Ala.) (complaining of an assault and use of a chemical agent).

[6] 28 U.S.C. § 1915(g) counts as "strikes" *in forma pauperis* actions that were dismissed as malicious, frivolous, or for failure to state a claim upon which relief can be granted, and authorizes the dismissal of an *in forma pauperis* action filed after the accumulation of "three strikes," "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

[7] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

(unpublished) (dismissing without prejudice an action for abuse of process when the inmate failed to disclose his litigation history in his original and amended complaints even though the form complaint described the type of cases he was bound to disclose); *Jackson v. Florida Dep't of Corrs.*, 491 F. App'x 129, 132 (11th Cir. 2012) (unpublished) (affirming the dismissal without prejudice of inmate's action as malicious because he abused the judicial process when under penalty of perjury he represented in his complaint that he had no action dismissed prior to service process, whereas he had two, one of which was contained in the complaint but not in the section inquiring about such cases), *cert. denied*, 133 S.Ct. 2050 (2013); *Redmon v. Lake County Sheriff's Office*, 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (unpublished) (affirming the dismissal without prejudice of the inmate's action signed under penalty of perjury which was found to be abusive when he did not disclose a lawsuit that he filed when the complaint form asked for disclosure of all lawsuits relating to his imprisonment or conditions of imprisonment, regardless of his response that he did not understand the form); *Shelton v. Rohrs*, 406 F. App'x 340, 340 (11th Cir. 2010) (unpublished) (affirming the dismissal without prejudice of the inmate's complaint under § 1915(e)(2)(B)(i) for an abuse of process after he checked "no" to the complaint form's question asking if he had filed other actions in state or federal court because the case management system reflected he had filed four actions and he would have known that he had filed multiple actions, thereby rejecting his argument that he did not remember filing any civil actions and his records were inaccessible); *Young v. Secretary Fla. Dep't of Corrs.*, 380 F. App'x 939, 940 (11th Cir. 2010) (unpublished) (affirming the *sua sponte* dismissal of the inmate's action pursuant § 1915(e)(2)(B)(i) for an abuse of process when he did not disclose his prior lawsuits despite his argument that he lacked access to the documents due to the "excess

legal material" rule); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (affirming the dismissal of an inmate's § 1983 action for an abuse of process because he responded with "no" to the complaint form's question asking whether he had brought any other lawsuits dealing with facts other than those in his action because he had in fact brought other lawsuits and the question was not ambiguous; "the district court was correct to conclude that to allow Hood to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process").

Furthermore, when a court dismisses without prejudice an action that it finds malicious, it must consider whether the action may be re-filed or if the dismissal without prejudice is effectively a dismissal with prejudice due to the statute of limitations preventing the plaintiff from re-filing the action. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014) (unpublished); *Hines v. Thomas*, 604 F. App'x 796, 800 (11th Cir. 2015) (unpublished); *see Schmidt*, 576 F. App'x at 899 (affirming the dismissal without prejudice of an action as malicious, based on plaintiff's failure to advise of prior lawsuits as required by the complaint form, because the complaint could be re-filed as the statute of limitations had not expired).

### B. Application of Law to Facts.

In the present complaint, plaintiff indicated that another lawsuit previously had not been filed in state or federal court that concerned the same or similar facts or that related to his imprisonment. (Doc. 1 at 3). But, through PACER, the Court discovered two previously filed lawsuits, *Reaser v. Mobile County Metro Jail, supra,* and *Reaser v. Mr. Long, supra.* These two prior actions listed in PACER were filed in 2014 (CA No. 14-117-CB-C and CA No. 14-475-CG-B), which is not very long ago, and in CA No. 14-475-CG-

B, which is against the same defendants, plaintiff responded that he had indeed filed a prior lawsuit. (Doc. 1 at 3). Thus, when plaintiff filed the present action, it appears that he should have known of these recent lawsuits and of how to respond appropriately to the form's questions about prior lawsuits. Plaintiff, nonetheless, chose not to list his previously filed actions, which appears to be intentional on his part.

Notwithstanding these affirmative misrepresentations, plaintiff proceeded to sign the present complaint under penalty of perjury. (Doc. 1 at 7). This type of behavior by a prisoner plaintiff is deemed by the courts to be an abuse of the judicial process, warranting the action's dismissal as malicious pursuant to § 1915(e)(2)(B)(i) and having the dismissal count as a strike for § 1915(g) purposes. *Rivera*, 144 F.3d at 731 (affirming the sanction of the action's dismissal without prejudice for the prisoner's abuse of the judicial process, that is, when he lied under penalty of perjury about the existence of a prior lawsuit, and the treatment of the dismissal as a strike, even though district court did not utter the words "frivolous" or "malicious" because "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)"); *Pinson v. Grimes*, 391 F. App'x 797, 799 (11th Cir.) (unpublished) (relying on *Rivera*, it affirmed a district court's "finding [of] an abuse of judicial process and issu[ance] [of] a strike" when the prisoner listed only two prior cases despite him having filed two other federal cases within the preceding month), *cert. denied*, 131 S.Ct. 517 (2010).

Before recommending the dismissal of this action as malicious based on the foregoing reason, the Court must examine the complaint to determine if the statute of limitations has expired in order that the plaintiff might be able to re-file his action. *Stephenson*, 554 F. App'x at 838. In its examination of the complaint, the Court finds

that, in response to a question on the complaint form, plaintiff specified that the complained of acts occurred during a time period from June to July, 2015. (Doc. 1 at 4). And his descriptive allegations of assaults contain references to events occurring in 2015. (*Id.* at 8, 9).

Inasmuch the complained of incidents are identified as occurring from June to July, 2015, the two-year statute of limitations for bringing a § 1983 claim in Alabama has not expired. *See Lufkin v. McCallum*, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), *cert. denied*, 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l). Therefore, plaintiff may re-file his action if he so elects, but he must file it before the two-year statute of limitations expires to avoid the complaint being barred by the statute of limitations.

## III. CONCLUSION.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious and that this action be counted as a strike for the purpose of 28 U.S.C. § 1915(g).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based

on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE and ORDERED** this 6th day of January, 2017.

                            s/WILLIAM E. CASSADY
                            UNITED STATES MAGISTRATE JUDGE